IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA : 
 : No. 3:16-CR-127
v. : 
 : (Judge          )
TRUMAN JONES a/k/a True; :
AL DUNLAP a/k/a Flipmode a/k/a :
Country; :
JAQUAN HENDERSON a/k/a Cash :
a/k/a Jaquan Anderson; :
NADEURDRA V. MAYHAMS a/k/a :
Chyna a/k/a Na'Deardra Mayhams; :
DAVON BECKFORD a/k/a Dolo a/k/a :
Jaquan Wilson; and :
STEPHANIE WALTER, :
    Defendants :

## INDICTMENT

**THE GRAND JURY CHARGES:**

COUNT ONE
Conspiracy to Distribute Heroin and Cocaine Base
21 U.S.C. § 846

From on or about November 10, 2015, and continuing to on or about May 6, 2016, in Luzerne County, Pennsylvania, within the Middle District of Pennsylvania, and elsewhere, the defendants,

TRUMAN JONES,
AL DUNLAP,
JAQUAN HENDERSON,
NADEURDRA V. MAYHAMS,

DAVON BECKFORD, and
STEPHANIE WALTER,

did knowingly and intentionally combine, conspire, confederate and agree together and with other persons known and unknown to the grand jury, to commit the following offenses against the United States:

> To knowingly and intentionally distribute and possess with intent to distribute heroin, a Schedule I controlled substance, and cocaine base (crack), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

### Quantity of Heroin Involved in the Conspiracy

The quantity of heroin involved in the conspiracy that is attributable to defendant TRUMAN JONES is 100 grams or more of a mixture and substance containing a detectable amount of heroin, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

### Quantity of Cocaine Base Involved in the Conspiracy

The quantity of cocaine base (crack) involved in the conspiracy that is attributable to defendant AL DUNLAP is 28 grams or more of a mixture and substance containing a detectable amount of cocaine base (crack), in violation of Title 21, United States Code, Sections 841(a)(1)

and (b)(1)(B).

All in violation of Title 21, United States Code, Section 846.

**THE GRAND JURY FURTHER CHARGES:**

<u>COUNT TWO</u>
**Distribution of Heroin**
**21 U.S.C. § 841(a)(1)**

On or about November 10, 2015, in Luzerne County, Pennsylvania, within the Middle District of Pennsylvania, the defendant,

TRUMAN JONES,

did knowingly and intentionally distribute heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

**THE GRAND JURY FURTHER CHARGES:**

<u>COUNT THREE</u>
**Distribution of Heroin**
**21 U.S.C. § 841(a)(1)**

On or about November 12, 2015, in Luzerne County, Pennsylvania, within the Middle District of Pennsylvania, the defendant,

TRUMAN JONES,

did knowingly and intentionally distribute heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

**THE GRAND JURY FURTHER CHARGES:**

<u>COUNT FOUR</u>
Distribution of Heroin
21 U.S.C. § 841(a)(1)

On or about January 5, 2016, in Luzerne County, Pennsylvania, within the Middle District of Pennsylvania, the defendant,

TRUMAN JONES,

did knowingly and intentionally distribute heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

**THE GRAND JURY FURTHER CHARGES:**

<u>COUNT FIVE</u>
Distribution of Heroin
21 U.S.C. § 841(a)(1)

On or about January 27, 2016, in Luzerne County, Pennsylvania, within the Middle District of Pennsylvania, the defendant,

TRUMAN JONES,

did knowingly and intentionally distribute heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

**THE GRAND JURY FURTHER CHARGES:**

<u>COUNT SIX</u>
**Distribution of Heroin**
**21 U.S.C. § 841(a)(1)**

On or about February 3, 2016, in Luzerne County, Pennsylvania, within the Middle District of Pennsylvania, the defendant,

TRUMAN JONES,

did knowingly and intentionally distribute heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

**THE GRAND JURY FURTHER CHARGES:**

<u>COUNT SEVEN</u>
**Distribution of Heroin**
**21 U.S.C. § 841(a)(1)**

On or about February 9, 2016, in Luzerne County, Pennsylvania, within the Middle District of Pennsylvania, the defendant,

TRUMAN JONES,

did knowingly and intentionally distribute and cause to be distributed heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

**THE GRAND JURY FURTHER CHARGES:**

### COUNT EIGHT
**Possession with Intent to Distribute Heroin
21 U.S.C. § 841(a)(1)**

On or about February 9, 2016, in Luzerne County, Pennsylvania, within the Middle District of Pennsylvania, the defendant,

TRUMAN JONES,

did knowingly and intentionally possess with intent to distribute heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

**THE GRAND JURY FURTHER CHARGES:**

### COUNT NINE
**Possession of Firearms in Furtherance of Drug Trafficking
18 U.S.C. § 924(c)**

On or about February 9, 2016, in Luzerne County, Pennsylvania, within the Middle District of Pennsylvania, the defendant,

TRUMAN JONES,

did knowingly possess firearms, namely a (1) Glock 22 .40 caliber pistol, Serial Number UWW550, and a (2) Smith & Wesson Model 65-2 .357 caliber revolver, Serial Number 37151, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, the knowing and intentional possession with intent to distribute heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 18, United States Code, Section 924(c).

**THE GRAND JURY FURTHER CHARGES:**

<u>COUNT TEN</u>
**Possession with Intent to Distribute Heroin and Cocaine Base
21 U.S.C. §§ 841(a)(1) and (b)(1)(B)**

On or about February 9, 2016, in Luzerne County, Pennsylvania, within the Middle District of Pennsylvania, the defendant,

AL DUNLAP,

did knowingly and intentionally possess with intent to distribute heroin, a Schedule I controlled substance, and 28 grams or more of a mixture and substance containing a detectable amount of cocaine base (crack), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and

(b)(1)(B).

## THE GRAND JURY FURTHER CHARGES:

<u>COUNT ELEVEN</u>
**Possession of a Firearm in Furtherance of Drug Trafficking
18 U.S.C. § 924(c)**

On or about February 9, 2016, in Luzerne County, Pennsylvania, within the Middle District of Pennsylvania, the defendant,

AL DUNLAP,

did knowingly possess a firearm, namely a DoubleTap Derringer .9mm, Serial Number DA16476, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, the knowing and intentional possession with intent to distribute heroin, a Schedule I controlled substance, and 28 grams or more of a mixture and substance containing a detectable amount of cocaine base (crack), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

All in violation of Title 18, United States Code, Section 924(c).

THE GRAND JURY FURTHER CHARGES:

## COUNT TWELVE
### Distribution of Heroin
### 21 U.S.C. § 841(a)(1)

On or about February 10, 2016, in Luzerne County, Pennsylvania, within the Middle District of Pennsylvania, the defendant,

AL DUNLAP,

did knowingly and intentionally distribute heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

THE GRAND JURY FURTHER CHARGES:

## COUNT THIRTEEN
### Distribution of Cocaine Base
### 21 U.S.C. § 841(a)(1)

On or about February 10, 2016, in Luzerne County, Pennsylvania, within the Middle District of Pennsylvania, the defendant,

AL DUNLAP,

did knowingly and intentionally distribute and cause to be distributed cocaine base (crack), a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

THE GRAND JURY FURTHER CHARGES:

## COUNT FOURTEEN
### Distribution of Heroin
### 21 U.S.C. § 841(a)(1)

On or about February 11, 2016, in Luzerne County, Pennsylvania, within the Middle District of Pennsylvania, the defendant,

DAVON BECKFORD,

did knowingly and intentionally distribute heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

THE GRAND JURY FURTHER CHARGES:

## COUNT FIFTEEN
### Distribution of Cocaine Base
### 21 U.S.C. § 841(a)(1)

On or about February 17, 2016, in Luzerne County, Pennsylvania, within the Middle District of Pennsylvania, the defendants,

AL DUNLAP,
JAQUAN HENDERSON and
STEPHANIE WALTER,

aiding and abetting one another, did knowingly and intentionally distribute cocaine base (crack), a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and

Title 18, United States Code, Section 2.

**THE GRAND JURY FURTHER CHARGES:**

<u>COUNT SIXTEEN</u>
**Possession with Intent to Distribute Cocaine Base**
**21 U.S.C. § 841(a)(1)**

On or about February 24, 2016, in Luzerne County, Pennsylvania, within the Middle District of Pennsylvania, the defendant,

JAQUAN HENDERSON,

did knowingly and intentionally possess with intent to distribute cocaine base (crack), a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

**THE GRAND JURY FURTHER CHARGES:**

<u>COUNT SEVENTEEN</u>
**Distribution of Heroin**
**21 U.S.C. § 841(a)(1)**

On or about March 3, 2016, in Luzerne County, Pennsylvania, within the Middle District of Pennsylvania, the defendant,

DAVON BECKFORD,

did knowingly and intentionally distribute heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

**THE GRAND JURY FURTHER CHARGES:**

## COUNT EIGHTEEN
### Distribution of Heroin
### 21 U.S.C. § 841(a)(1)

On or about April 27, 2016, in Luzerne County, Pennsylvania, within the Middle District of Pennsylvania, the defendant,

**NADEURDRA V. MAYHAMS,**

did knowingly and intentionally distribute heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

**THE GRAND JURY FURTHER CHARGES:**

## COUNT NINETEEN
### Possession with Intent to Distribute Heroin and Cocaine Base
### 21 U.S.C. § 841(a)(1)

On or about May 6, 2016, in Luzerne County, Pennsylvania, within the Middle District of Pennsylvania, the defendant,

**NADEURDRA V. MAYHAMS,**

did knowingly and intentionally possess with intent to distribute heroin, a Schedule I controlled substance, and cocaine base (crack), a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

THE GRAND JURY FURTHER CHARGES:

## COUNT TWENTY
Possession of a Firearm in Furtherance of Drug Trafficking
18 U.S.C. § 924(c)

On or about May 6, 2016, in Luzerne County, Pennsylvania, within the Middle District of Pennsylvania, the defendant,

NADEURDRA V. MAYHAMS,

did knowingly possess a firearm, namely a Cobra pistol, Model CA-380 .380 caliber, Serial Number CP104851, in furtherance of a drug trafficking crime for which she may be prosecuted in a court of the United States, that is, the knowing and intentional possession with intent to distribute heroin, a Schedule I controlled substance, and cocaine base (crack), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 18, United States Code, Section 924(c).

## FORFEITURE ALLEGATION

1. The allegations contained in Counts One through Twenty of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 924(d)(1), Title 28, United States Code, Section 2461(c),

and Title 21, United States Code, Section 853.

2. Upon conviction of an offense in violation of Title 18, United States Code, Sections 922 and 924, and Title 21, United States Code, Section 841, the defendants,

> TRUMAN JONES,
> AL DUNLAP, and
> NADEURDRA V. MAYHAMS

shall forfeit to the United States of America any property constituting or derived from any proceeds obtained, directly or indirectly, as the result of said offenses and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses. The property to be forfeited includes, but is not limited to, the following:

  a. a Glock 22 .40 caliber pistol, Serial Number UWW550;

  b. a Smith & Wesson Model 65-2 .357 caliber revolver, Serial Number 37151;

  c. a DoubleTap Derringer .9mm, Serial Number DA16476;

  d. a Cobra pistol, Model CA-380 .380 caliber, Serial Number CP104851;

e. approximately 20 rounds of .40 caliber ammunition;

f. approximately three rounds of .357 caliber ammunition;

g. approximately 72 rounds of .9mm ammunition;

h. approximately 51 rounds of .380 caliber ammunition;

i. approximately $4,792.00 in United States Currency;

j. a Vizio 55 inch television, Serial Number LWZ2SHAR4207570;

k. an iPad mini, Serial number F9FPTXPIFCM9;

l. an AT&T G pad F80, Serial Number 511CQNL696327; and

m. an HP laptop, Serial Number CND5201MC1.

If any of the forfeitable property described above, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

Pursuant to Title 18, United States Code, Section 924(d)(1), Title 28, United States Code, Section 2461(c), and Title 21, United States Code, Section 853.

A TRUE BILL

Date: 5/17/16

PETER J. SMITH
United States Attorney

By: _____

PHILLIP J. CARABALLO
Assistant United States Attorney